## Kehr v. Saum

*Jesse Crabbs,* for plaintiffs.
*John R. White,* for defendants.

MACPHAIL, *P.J.,* December 6, 1976 — In this case plaintiff seeks to have defendants declared to be constructive trustees of certain real estate conveyed by Lake Heritage, Inc. to plaintiff, defendants and John R. Saum, now deceased. In addition, plaintiff seeks to have the court order a conveyance to her of defendants' interest in said real estate. Finally, plaintiff asks that defendants be enjoined from encumbering or conveying their interest in the real estate.

Preliminary objections in the nature of a demurrer and a motion for a more specific complaint

have been filed by defendants. At argument the motion for a more specific complaint was abandoned. Briefs have been filed and oral argument was heard.

In essence, plaintiff complains that she and John R. Saum were contemplating marriage. They decided to purchase a tract of real estate prior to becoming married. Since both of them were minors at the time, they and defendants agreed that plaintiff, defendants and John R. Saum should execute a note to a bank for the purchase price of the real estate, that title to the real estate would be taken in the names of the four individuals, that plaintiff and her proposed husband would discharge the indebtedness and that defendants would thereupon convey title to plaintiff and John R. Saum. John R. Saum is now deceased. The complaint states that plaintiff and John R. Saum discharged the indebtedness according to the agreement and now defendants refuse to convey the real estate.

Defendants raise the defense of the statute of frauds as a bar to this action. Plaintiff counters that a constructive trust should be imposed in which event the statute of frauds is inapplicable: Silver v. Silver, 421 Pa. 533, 219 A.2d 659 (1966). Defendants contend that: (1) Silver v. Silver does not apply because this is not a "transfer" case as contemplated by the Restatement Trusts §44(1)(b) or Restatement Restitution §166, and (2) even if the case comes within the general law relating to constructive trusts, plaintiff has not pled the essential facts for the court to grant relief.

While we are unable to cite any appellate authority for our opinion, we nevertheless conclude that the statute of frauds is inapplicable to the facts of

this case. The policy of prohibiting unjust enrichment prevails against the policy prohibiting the enforcement of oral contracts relating to the transfer of real estate in cases such as this.

However, because the statute of frauds is an important safeguard with respect to the transfer of real estate, plaintiff must bring herself within the narrow factual circumstances which permit a court of equity to impose a constructive trust. In Silver v. Silver, supra, the court said, at page 537, that before a trust could be imposed: "It is necessary that both a confidential relationship and reliance upon a promise to reconvey induced by that relationship be shown." In Schwartz v. Altzman, 58 D. & C. 448 (1947), the court, in ruling upon a demurrer under similar circumstances, held that every fact essential to entitle plaintiff to the relief sought must be averred in the bill and cited appellate authority for its conclusion. We are in agreement with that conclusion.

Plaintiff argues that the complaint as presently stated includes enough facts from which a confidential relationship can be found. We disagree. Since the issue in this case will be resolved in part upon a determination of whether or not a constructive trust should be imposed, we feel that it is incumbent upon plaintiff to plead specifically the facts upon which such a conclusion can be reached.

## ORDER

And now, December 6, 1976, defendants' preliminary objection in the nature of a demurrer is sustained. The plaintiff shall have 20 days from this date to file an amended complaint.